## ROCKWELL and others VS. ELDERKIN.

A verdict should not be set aside merely on the ground that one of the jurors had removed to another county before the trial, which fact was unknown to the parties at the time of the trial.

APPEAL from the Circuit Court for *Walworth* County.

The circuit court set aside a verdict for the plaintiffs and granted a new trial in this cause, on affidavits showing that one of the jurors had removed from said county to Dane county, and that this fact was not known to the defendant or his attorney, before the trial. The plaintiffs appealed from the order.

*Winsor & Smith*, for appellants, argued that the only qualifications for a juror prescribed by the statutes of this state, are citizenship of the United States and the right to vote in this state. The only statutory disqualifications are, 1st, Conviction of an infamous crime. 2d, Having served as a juror in the same county within one year. R. S., ch. 118. The objection would not have been good even if taken at the trial; much less could it avail after verdict.

*Henry Cousins*, for respondent:

The common law jury in all courts of record in our territo-

'ry, at the time of the adoption of the constitution, was "twelve good and lawful men of the body of the county." 2 Wis., 22; 3 Blacks. Comm., 349, 352, 360; 4 id., 349–50. The same qualification is required in civil as in criminal causes (R. S., ch. 179, sec. 1), that the juror shall be " of the county or district wherein," &c.   Constitution, Art. 1, sec. 7.   The jurors are officers of the court (Wharton's Law Dic., 409)—judicial officers, and as essential to constitute the judiciary as the judge on the bench, being judges of fact in all cases, and in some of both law and fact.   Cons., Art. 1, sec. 3.   They are liable to be called and recalled to attend on the court at any time before its final adjournment, for the term for which they may be chosen.   R. S., ch. 118, sec. 20.   Their office is local in its duties, confined to the county, and can be discharged by none but residents thereof.   R. S., ch. 14, sec. 2.   One of the jurors being incompetent, the verdict is void.   2 Gra. & Wat. on N. T., 189–90; 5 Smedes & M., 373; 1 How. (Miss.), 30; 7 id., 671; 6 Blackf., 461.   An objection to a juror which would be a good cause for challenge, if not discovered until after verdict, is good ground for a new trial.   1 B. Mon., 213; 15 Vt., 61; 32 Me., 310.

*By the Court,* DIXON, C. J.   The circumstance of *Elderkin* having discovered, after the trial, that one of the jurors had removed from the county, is not in our opinion sufficient cause for granting a new trial.   If the objection had been taken before trial, by way of challenge, it might have prevailed on strictly technical grounds; but after trial we think it is too late.   It is an objection which does not affect the impartiality or intelligence of the juror, and furnishes no presumption against the justice of the verdict.   We think it should be disregarded after verdict.

Order reversed.