## FRANK (A SLAVE) *v.* STATE, 39 Miss. R., 705.

### BURGLARY.

The fact that another slave was being whipped in the hearing of the accused "in relation to matters connected with the offense with which the accused is charged," does not make a confession, soon afterwards made by the accused, otherwise than free and voluntary, where it does not appear that the whipping of the other slave was done for the purpose of coercing any confession or discovery from him in relation to the crime charged against the accused, and it is not shown that the whipping could have had any influence on the accused to cause him to make a confession.

Anything reasonably tending to hold out the hope or promise of reward or benefit, for confession or fear of punishment or injury for the failure to confess, is an unwarrantable inducement, which renders the confession so obtained incompetent evidence. But it is not every inducement that will render a confession inadmissible. An appeal to the character and circumstances of the party—to his responsibility to a tribunal above all earthly courts—to his situation and circumstances, might be an inducement to confess; yet such inducements would not render the confession inadmissible. Hence, an instruction which directed the jury to disregard the confession of the accused, if it were made under "any inducement whatever," is erroneous, and should not be given.

Instructions, though correct as abstract propositions of law, not applicable to the testimony, should be refused.

Though the finding of stolen goods in the possession of the accused, or their discovery at a place where they have been hid in consequence of information derived from him, is generally presumptive evidence of larceny only by the accused, yet if a burglary be proven to have been committed, and the accused makes a circumstantial confession of his entry of the house and taking of the goods, and then discovers the place of their concealment, in accordance with which they were found, such disclosure and finding are presumptive evidence that the accused committed the burglary.

The raising of a window-sash which was down, and which was the only obstacle to ingress through the window, and the entry of the accused through the same, is a sufficient breaking in law to constitute burglary. 13 Ired., 244; Rex v. Russell, R. & M., 877; 2 Whart. Cr. Law, 1541.

A new trial will not be granted for newly-discovered evidence when it appears from the affidavits read in support of it that the party asking the new trial must necessarily have been aware of the evidence when the trial was had.

Objections to the jury must be made before the trial of the case; it is too late to object after verdict.

Motions in arrest must be made on the ground of some defect appearing on the face of the record. Hence the fact that one of the jury was not a householder or a freeholder, or was otherwise incompetent, is no ground for a motion in arrest of judgment.

Error to Hinds circuit court.   WATTS, J.

The plaintiff in error was indicted in the court below for burglary, and pleaded not guilty.

On the trial Austin Morgan, for the state, testified that in October, 1860, a day or two after his house had been entered and robbed, he found the prisoner at the calaboose in Jackson under arrest. In presence of the witness and several others, prisoner confessed that he had entered the house of the witness about one o'clock at night, and had taken therefrom a black merino coat, a shirt, and some money; that he entered the house by hoisting the sash of the window and going through it. Prisoner, in his confession, informed those present where the articles he had taken were to be found, which was in a thicket near the suburbs of Jackson, where he stated he had hid them. Witness further stated that the confession was not obtained by any inducement offered to the prisoner by him or any person in his presence; "but that they were whipping another negro in the calaboose yard for matters connected with the offense committed by prisoner." Witness proved the value of the coat to be fifteen dollars, and of the shirt seventy-five cents, and that they were found and returned to him by C. R. Dixon and A. B. Coffee. He also proved that at the time his house was entered the said black merino coat and shirt, and seven pieces of coin of the United States, of the value of twenty-five cents each,

were taken therefrom. He also stated that on the night his house was entered he retired to rest about eleven o'clock, and placed his clothing on a chair; that the window-sash was then down, and that it was the only fastening or security to prevent entrance through the window, there being no shutters and no fastening to keep the sash down. That on awakening at day-light he found the window-sash up; the said black merino coat and shirt, also his pantaloons and money, were gone; that he recovered the pantaloons, but not the money; that was after-wards refunded to him by J. M. Crafford, the owner of the pris-oner. That on the outside, under the window, he found shoe-tracks. The impression of one of the shoes was very plain; the impression of the heel of the other shoe was not discovered, but the track of the shoe was all visible except the heel. The tracks appear to have been made by one shoe with a heel, and another without a heel. Witness did not measure the tracks, but after-wards, upon seeing the shoes of the prisoner in the calaboose, he saw that one of them had a heel, and one was without a heel.

Prisoner's counsel moved the court to exclude the confession of prisoner from the jury, because it did not appear to have been free and voluntary, and uninfluenced by fears of chastisement. The court overruled the motion, and prisoner excepted.

A. B. Coffee, for the state, testified that he was present when the confession referred to by witness Morgan was made; that prisoner then directed witness and others where to go to find a certain carpet-bag, and that in company with others he proceeded to the place indicated by the prisoner, and there found the carpet-bag, in which were the merino coat and the shirt claimed by witness Morgan, and which were delivered to him by witness.

The state's testimony closed here.

Defendant then introduced witness Coffee, and proposed to prove by him "that he, witness, was present at the whipping of another negro in the calaboose before the confession to witness Morgan was made, and that the whipping had relation to the charge against the prisoner, or to the crime with which he was charged." The court refused to allow this testimony to go to the jury, and the prisoner excepted.

The court instructed the jury for the state : " That the rais-ing of a window-sash, which was the only fastening or security, and thereby entering a dwelling-house in the night-time, by a slave, some white person being in the house at the time, with intent to steal, is burglary."

The following instructions were asked by the defendant, and refused:

1. "In order to convict a defendant upon his own confession, it must be free and voluntary, and made under no inducement whatever; and if the jury believe that any inducements were held out to defendant to confess, then the law is for the de-fendant."

2. "That finding the articles according to the directions of the defendant is not presumptive evidence of the defendant's guilt of the crime of burglary."

3. "That any confessions made subsequently to the first, while laboring under the inducements offered in the first instance, are to be taken with caution; and if the jury believe, from the evi-dence, that defendant confessed subsequently while operated upon by any former inducements, then the law is for the de-fendant."

The jury returned a verdict of guilty. The prisoner then moved for a new trial, because—

1. "The verdict is contrary to law and evidence, there being no evidence of the breaking of the window or any other fas-tening."

2. "The court erred in refusing prisoner's first, second, and third charges."

3. "Surprise, in the absence of witnesses for the state, mate-rial for defendant."

4. "The court erred in granting instructions for the state."

5. "Newly-discovered testimony, viz., the testimony of A. B. Coffee, which shows that the confessions were extorted."

On the trial of this motion, the prisoner read the affidavit of A. B. Coffee, in which he stated that he was present at a con-fession made by defendant to C. R. Dickson, a few hours before the confession made by him to Morgan, and that "inducements and persuasions were used by said Dickson to the prisoner to

confess; and that prisoner did then and there confess to the entering of Morgan's house, and the taking therefrom the articles mentioned in the indictment;" that he never communicated these facts to the prisoner's counsel, nor to any other person he knew to be interested for the prisoner, and that he does not believe that the prisoner or his counsel were aware of these facts.

The motion was overruled.

The prisoner then made a motion in arrest of judgment, for the reason : " That Joseph Hargrove, one of the jurors who found the verdict, is neither a freeholder nor householder, but was declared to be a competent juror by the court, upon his statement under oath that he was a freeholder, the juror laboring under a mistake as to the meaning of freeholder."

On the trial of this motion, the affidavit of Hargrove was read, in which he stated that, upon his examination under oath by the court as to his competency as a juror, he answered that he was a freeholder; that his answer was made under a mistake of the meaning of the word freeholder, and that he owned no interest in land, and did not keep a house.

It was conceded to the trial of the motion that said Hargrove was examined as to his qualifications as a juror, and that he had answered that he was a freeholder or householder; and that he was not further interrogated, but was accepted by the state and prisoner as a competent juror.

The motion in arrest was overruled, and the prisoner excepted and sued out this writ of error.

*J. C. Morehead,* for plaintiff in error,

Cited Stringfellow v. State, 26 Miss., 157; Peter v. State, 4 S. & M., 31; Van Buren v. State, ib., 512.

*T. J. Wharton,* attorney general.

1. The raising of the window-sash was a sufficient breaking. 2 Wharton's Am. Cr. Law, 1543; 4 C. & P., 231; 4 Black. Com., 226.

2. The objection to the competency of the juror Hargrove came too late, after verdict. Williams v. State, 37 Miss., 409,

3. The confessions were competent. Belote v. State, 36 Miss., 96.

Handy, J. :

The first ground of error assigned is the overruling the motion for a new trial.

Upon this several points of objection are urged to the action of the court below, which will be considered in the order in which they are presented in the argument of the counsel for the plaintiff in error.

1. It is insisted that the court below erred in overruling the prisoner's objection to the testimony of Austin Morgan, and his motion to exclude that witness' testimony.

The ground of that motion was, that the confession of the prisoner, testified to by the witness Morgan, was not freely and voluntarily made, because it appeared, from the testimony of that witness, that, at the time of the confession of the prisoner to the witness, and in the hearing of the prisoner, another negro slave was being whipped, "in relation to matters connected with the offense with which the prisoner was charged."

What was the particular cause of the whipping of the other slave, or whether it was because he was charged or suspected of a participation in the same offense charged against the prisoner, does not appear. For aught that appears, it might have been for resistance or other unlawful conduct of the slave. But it does not appear that it was done for the purpose of obtaining confessions from him, or that it was on account of the very same offense charged against the prisoner in this case. As the matter is stated in the bill of exceptions, it is impossible to infer that that whipping could, with any reasonable probability, have operated on the mind of the prisoner to cause him to make an untrue confession of his own guilt in the matter charged against him. No threat or coercion whatever was used towards him; and if the treatment of the other slave could, under any circumstances, have the effect to destroy the force of the prisoner's confession against himself, it would have to appear that the circumstances were such as to put the prisoner in such terror on his own account as plainly to destroy his free volition, and bring

his confessions under the rule of illegal coercion. No such circumstances appear here, and we think that the objection and motion were properly overruled.

The second ground of error is, the refusal of the first, second, and third instructions asked in behalf of the prisoner.

The first instruction is, in substance, that a confession, to warrant a conviction, must be free and voluntary, and made under no inducements whatever; and if any inducements were held out to the prisoner to confess, his confession will not warrant a conviction.

This is certainly much broader than the well-recognized rule upon the subject. Anything reasonably tending to hold out the hope or promise of reward or benefit for confession, or of punishment or injury for the failure to confess, is in law an unwarrantable inducement to confess, which renders the confession so obtained incompetent evidence. But there may be other "inducements" held out to a party, which are not within this rule. An appeal to the character or circumstances of a party—to his family connection and situation in life—to the claims of justice of others, whose rights or safety were involved in his declaring the truth—to his responsibility to a tribunal above all earthly courts for his falsification or suppression of the truth—these and others might very naturally be an "inducement" to a party to make a confession. Yet a confession so induced would not necessarily be incompetent; for the inducement would not be illegal. The instruction was, therefore, in its terms erroneous. But it was properly refused also for another reason. There was no evidence to show that the confession of the prisoner was induced by illegal means; and hence the instruction, if correct in its terms, would merely have stated an abstract proposition, which was irrelevant to the case as presented by the evidence.

The third error assigned is, the refusal of the second instruction, asked in behalf of the prisoner; which was, in substance, that the finding of the articles stolen, according to the directions of the prisoner in his confession, is not presumptive evidence of his guilt of the crime of burglary.

It appears by the evidence that the prisoner had confessed

circumstantially that he broke and entered the dwelling-house of the prosecutor, and took therefrom certain articles of property, and he gave directions where the articles had been placed, and that they were in a carpet-bag at that place; and upon search being immediately made, that the articles stolen were found in the carpet-bag, and at the place stated by him. It also further appears, that his manner of entering the house, as confessed by him, was corroborated by facts stated by the witness tending strongly to show that his confession, as to the mode of entering the house, was true.

The taking of the goods from the house was a part of the act of entering the house, and intimately connected with it. The confession as to the taking of the goods, and their place of deposit, was, therefore, a confession of a material part of the crime; and if the goods were found upon such, in the place and condition stated by him in his confession, this certainly tended strongly to show that the confession, both as to entering the house and taking the goods, was true. Hence, it was presumptive evidence of his guilt of both of the material acts confessed by him.

The objections to the refusal of the third instruction asked in behalf of the prisoner, are untenable, for the reasons above stated upon the first instruction.

The next error assigned is, the granting of the first instruction asked in behalf of the state, to the following effect: "That the raising of a window-sash, which was the only fastening or security to the window, and thereby entering a dwelling-house in the night-time, by a slave, some white person being in the house at the time, with intent to steal, is burglary."

The only question made on this instruction is, whether the raising of a window-sash, which was down and closed, and which was the only fastening to the window, and the entry of the party through the same into the house, is such a breaking in law as will constitute burglary. And it is well settled that it is.[1]　State v. Boon, 13 Iredell, 244; Rex v. Russell, R. & M., 377; 2 Whart. Am. Crim. Law, § 1541, 5th ed.

[1] Rex v. Hall, R. & R., 355; Rex v. Haynes, ib., 450; 1 Russell on Cr., 787; Rex v. Russell, R. & M., 377; Rex v. Hall, East T., 1818; Russ. & Ry., 355; Rex v. Haines

Again, it is assigned for error that the court improperly refused the motion for a new trial, which was made on the ground of newly-discovered evidence.

This newly-discovered evidence is shown by the affidavit of the witness Coffee to be, in substance, that the prisoner had made a confession to other persons to the same effect as that made by him to the witness Morgan, whose testimony was the cause of his conviction; that the confession to Morgan was made shortly after that to the other persons; and that, in obtaining the first confession, "*inducements and persuasions* were used" by the person obtaining it, "to him to confess," &c.

This affidavit does not show what was the nature of the "inducements and persuasions" held out to the prisoner to confess; and it was therefore insufficient to show that the confession was obtained by such means as to render it incompetent evidence, as is above shown.

But the affidavit is palpably insufficient in another respect. Although it states, in terms, that the affiant did not believe that the fact of the first confession of the prisoner was known to him, or to his counsel, at the time of the trial, yet the affidavit shows that it must have been known to the prisoner; for it was his own confession. There could not, therefore, be any pretense that it was newly-discovered evidence.

The last ground of error is the overruling of the motion in the arrest of judgment. This motion was made on the ground that one of the jurors who tried the case and found the verdict was neither a freeholder nor householder, and hence that the jury was illegally constituted.

But it is settled that an objection of this sort comes too late after the verdict; and that it is not of such a nature as to vitiate the verdict. Williams v. The State, 37 Miss. R., 409. But if this were otherwise, it is clearly no ground for a motion in arrest of judgment, which must be founded on something on the face of the record.

& Harrison, East T., 1821; Russ. & Ry.; 451; 2 Archbold Cr. Pr. & Pl., 330 *et seq.*, notes; 1 Hawk., c. 38, § 6; Rex v. Hymans, 7 C. & P., 441; Rex v. Hall, Russ. & Ry., 355; ib., 451; 1 Wheeler Cr. Cases, 374.

Upon consideration of the whole case, we perceive nothing to justify a reversal of the judgment, and it must be affirmed.

The counsel for the prisoner asked for a re-argument, as to so much of the opinion as decides that the objection to the juror Hardgrove came too late; and to sustain this view he cited and relied upon the following authorities: Lewis v. The State, 9 S. & M., 115; Whart. Crim. Law, 860; Dawson v. The People, 13 Wend., 351; Williams v. The State, 32 Miss. R., 389; McGuire v. The State, 37 Id., 369; Cotton v. The State, 31 Id., 504; Nelms v. The State, 13 S. & M., 500; Sam v. The State, 31 Miss. R., 480; Sellers v. The People, 3 Scam., 416; Busch v. The State, 19 Ohio R., 198; Romaine v. The State, 7 Ind. R., 67; Keener v. The State, 18 Ga. R., 216; Jeffries v. Randall, 14 Mass. R., 206; Graham & Waterman on New Trials, 19–40; but a re-argument was denied.