COMMONWEALTH *vs.* JOHN M. BURKE.

Suffolk. January 2, 1962. — May 3, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Assault. Evidence,* Demonstration; Judicial discretion; Relevancy and materiality; Of state of mind, Opinion: expert; Medical testimony.

Evidence at the trial of an indictment that shortly after a woman and her husband, the defendant, had left a party one evening in his Pontiac automobile it was parked beside a street and the wife was lying in the gutter near it, that she was assisted by the defendant to her feet in a disheveled condition and cried "Arrest him" three or four times, and that some minutes later while she was lying at the side of another street a man standing near her walked away from her, entered a Pontiac automobile and drove off, leaving her unconscious and with multiple injuries, together with other evidence, including an admission by the de-

fendant that he and she had quarreled, warranted findings that the man
who walked away from her as she lay in the second street was responsible
for her condition, that that man was the defendant, and that he had
assaulted her.    [245–247]

At a criminal trial for assault and battery on a woman by a man whom a
witness had seen walk away from the woman as she lay in a street
unconscious and severely injured, there was no abuse of discretion on
the part of the judge in refusing to allow the defendant's son to walk
across the court room with his back to the witness in order to demon-
strate the possibility of misidentification.    [247]

At a criminal trial of a man for an assault on his wife, there was no error
in the admission of evidence of police visits to the defendant's house on
various occasions prior to the assault as a result of quarrels and argu-
ments between the defendant and his wife; or of an inquiry by the de-
fendant's son as to the cause of injuries suffered by her; or of a chem-
ist's description of the pattern of a dress which she was wearing; or of
a statement by the defendant before arrest indicating a consciousness
that he might be arrested in connection with the injuries to her.    [247–
248]

Evidence of the state of mind of a woman two days before she was al-
legedly assaulted by her husband should have been excluded as immate-
rial at his trial on an indictment for the assault, but in the circumstances
its admission was harmless error.    [248]

At a criminal trial of a man for an assault on his wife causing her death,
there was no error in the admission in evidence of the opinion of the
medical examiner who made a post mortem examination that a certain
injury to the woman's body was the result of a kick.    [248–249]


INDICTMENT found and returned on November 19, 1957.

Retrial of the case in the Superior Court following the
decisions of this court reported in 339 Mass. 521 and 342
Mass. 144 was before *Forte*, J.

*Francis G. Poitrast,* (*Dennis L. Ditelberg* with him,) for
the defendant.

*Angello Morello,* Assistant District Attorney, for the
Commonwealth.

WILLIAMS, J.    This is an appeal by the defendant pur-
suant to the provisions of G. L. c. 278, §§ 33A–33G, from
a conviction of assault and battery on an indictment which
charged that on September 28, 1957, he "did assault and
beat one Marie F. Burke, with intent to murder her, and by
such assault and beating did kill and murder the said Marie
F. Burke" and that he was guilty of murder in the second
degree.    The indictment was returned on November 19,
1957.    On November 19, 1958, the defendant was found

guilty of manslaughter and sentenced to a term in the State prison. On appeal to this court the judgment was reversed and the verdict was set aside because of the erroneous admission of evidence harmful to the defendant. *Commonwealth* v. *Burke,* 339 Mass. 521. Subsequently we ordered that a retrial of the case be restricted to so much of the indictment as charged manslaughter and assault and battery. *Commonwealth* v. *Burke,* 342 Mass. 144.

The present appeal is accompanied by assignments of error, twenty-three in number, a summary of the record, and a transcript of the evidence. Assignments of error 1, 2, 3, 4, 5, 6, 7, 9, 15, 17, 18, 19, 20, and 22 have not been argued and are considered waived. *Commonwealth* v. *Farrell,* 322 Mass. 606, 613.

Assignment 21 alleges that "The Court erred in denying the defendant's Motion for Directed Verdicts to so much of the indictments [*sic*] as charged manslaughter, and assault and battery on the grounds that the Commonwealth had not made out a prima facie case on said crimes." Since there was an acquittal on the charge of manslaughter, the only material portion of this assignment is that which questions the sufficiency of the evidence to warrant a conviction of assault and battery. The testimony was substantially the same as that referred to in our earlier decision (339 Mass. 521) and held to be sufficient to warrant its submission to the jury. There was evidence that on the afternoon of September 28, 1957, the defendant and his wife, Marie F. Burke, attended a wedding reception in Nahant. The defendant drove a Pontiac automobile to which were attached Massachusetts registration plates numbered P76049. After the reception, the Burkes attended a party at the house of a friend in Saugus where more or less liquor was consumed by both husband and wife. They left the party about 10 P.M., the defendant stating that he had to report for work in Boston and would leave his wife at his father-in-law's house on Nerious Avenue in Revere. About 10:30 P.M. one Duplin and a young woman who later became his wife were driving on the American Legion Highway in

Revere. They saw an automobile which proved to be the defendant's Pontiac parked beside the road and a woman lying in the gutter near the car. Duplin got out of his car and approached the woman. He saw the defendant get out of the Pontiac and assist the woman to her feet. She was "messed up" and said to Duplin in a crying tone "Arrest him" three or four times. Duplin went over to the Pontiac and leaned in. The driver was slumped down in the seat and Duplin smelled an odor of whiskey. The driver was the defendant and the woman was Marie F. Burke, his wife.

Fifteen or twenty minutes after this incident, one Kline and a young woman who is now his wife were parked on Broadsound Avenue near the corner of Nerious Avenue in Revere. Looking out the rear window of the automobile, they saw a woman lying in the gutter and a man standing near her. As Kline backed his car toward the woman, the man walked away, entered a Pontiac car, and drove off without turning on the lights. The woman was Mrs. Burke and the man according to the testimony of the Klines "resembled" the defendant. Mrs. Burke was lying on her back with her head toward the center of the road and her feet toward the curb. Her dress was arranged in an orderly fashion but was torn over the midriff. She had her right arm through the straps of a handbag and looked "like she was placed there." She was unconscious and one eye was closed.

The police were notified and Mrs. Burke was taken to the Massachusetts General Hospital. A physical examination disclosed numerous scratches and bruises on her body including a large bruise over the abdomen which in the opinion of the medical examiner was caused by a kick.

Mrs. Burke died at 2 A.M. on September 30. The cause of her death was a fracture of the skull and lacerations of the brain.

The defendant reported for duty to his fire station on Broadway, Boston, at some time between 11 and 11:20 P.M. He admitted that he and his wife had quarreled but said that he had not struck her and had left her in front of his

father-in-law's house on Nerious Avenue.

There was no error in denying the defendant's motion for a directed verdict. A jury would be warranted in finding that the man who walked away from Mrs. Burke as she lay on Broadsound Avenue was responsible for her condition; that the man was the defendant (see 339 Mass. 521, 528); and that he had assaulted her and left her lying in the street.

Assignment 8 alleges error in refusing to allow the defendant to demonstrate that other persons might resemble the man whom Mrs. Kline saw walk away from the body of Mrs. Burke by having the defendant's son walk across the court room with his back to Mrs. Kline who was on the witness stand. There was no error. The ruling of the judge in reference to a demonstration of this kind was plainly discretionary. *Commonwealth* v. *Tucker,* 189 Mass. 457, 478. *Posell* v. *Herscovitz,* 237 Mass. 513, 517. *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 259–260.

There was no error as alleged in assignment 10 in allowing a police investigator to testify that he had asked the defendant if the police had not gone to his house on various occasions as a result of quarrels and arguments and that the defendant said ". . . this is embarrassing. Can we go somewhere and talk?" The inquiry was relevant to the existing marital relations of husband and wife. See *Commonwealth* v. *Howard,* 205 Mass. 128, 148. *Commonwealth* v. *Mercier,* 257 Mass. 353, 367–368. *Commonwealth* v. *Bartolini,* 299 Mass. 503, 510–511.

There was no error as alleged in assignment 11 in permitting the same police officer to testify whether the defendant's son inquired as to the cause of his mother's injuries.

There was no error as alleged in assignment 12 in refusing to strike the testimony of a chemist descriptive of the pattern of a dress which Mrs. Burke was wearing.

There was no error as alleged in assignment 13 in permitting a police sergeant to testify that, when he went to the house of the defendant's son to tell the defendant that his wife had died, the defendant said ". . . have you got a

warrant? . . . My lawyer told me not to go with you unless you had a warrant." The statement was evidence of a consciousness that he might be arrested in connection with the injuries to his wife.

Assignment of error 14 is to the admission of an entry in the employment record of Jordan Marsh Company, by which Mrs. Burke was employed, of a statement by her on September 26 over the telephone that she was "upset" and "depressed" over her husband's relationship with another woman and that she would come in on the 30th. The judge ruled and instructed the jury that the record was admitted merely to show Mrs. Burke's state of mind and not to prove any relationship of the defendant with another woman.

Without pausing to consider whether the record was admissible under G. L. c. 233, § 78 (as amended through St. 1954, c. 442, § 1), we think that the evidence of the state of Mrs. Burke's mind on September 26 was immaterial and ought not to have been admitted. The error, however, was harmless.

Assignment of error 16 was to the allowance of a question by the assistant district attorney to the medical examiner who had made a post-mortem examination of Mrs. Burke's body, as to his opinion of the cause of the injury to her "right lower belly." The witness testified that based upon his experience he was of the opinion that the injury was the result of a kick. The defendant contends that the doctor's knowledge and experience could not qualify him to specify the particular means or instrumentality which caused the injury he observed. However, our cases permit a wide range of inquiry where it seems that the conclusions of physicians are of value to the jury. See, e.g., *Commonwealth* v. *Piper,* 120 Mass. 185, 190 (testimony that deceased's injuries could not have been produced at the same time by one blow); *Commonwealth* v. *Sinclair,* 195 Mass. 100, 109 (testimony as to the kind of instrument which produced injury in an alleged abortion); *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 72–73 (testimony that a wound could not have been self-inflicted); *Commonwealth* v. *Dorr,*

216 Mass. 314, 317 (testimony as to the position of the deceased when the wounds were received); *Commonwealth* v. *Russ,* 232 Mass. 58, 78 (testimony that deceased did not struggle while her throat was being cut); *Commonwealth* v. *Capalbo,* 308 Mass. 376, 379 (testimony as to the way deceased fell when shot). We cannot say that the doctor's conclusion was unwarranted. It clearly arose from the application of his knowledge and experience to his observations. The jury were entitled to consider this conclusion and the reasoning on which it was based.

There was no error in denying the defendant's motion for a new trial which was the subject of assignment of error 23. We are satisfied that a new trial was not required.

*Judgment affirmed.*