COMMONWEALTH *vs.* FRANKLIN D. MARTIN.

Essex.    January 6, 1970. — April 3, 1970.

Present: WILKINS, C.J., KIRK, SPIEGEL, & REARDON, JJ.

*Jury and Jurors.    Evidence,* Relevancy and materiality, Of motive, Photograph, Admissions and confessions, Of insanity.    *Practice, Criminal,* Mistrial, Charge to jury.

The defendant in a criminal case failed to show that the judge's exclusion from the jury without examination of certain veniremen as unsuitable because of the nature of their criminal records deprived the defendant of a jury which was a "fair and representative cross-section of the community" or prejudiced him.    [191–192]

At a trial of a man for the murder of his wife, there was no error in the admission in evidence of Probate Court documents tending to show the victim's feelings toward the defendant and his knowledge of her attitude.    [192]

At a trial for the murder of a woman stabbed many times with the defendant's knife, there was no error in the denial of a voir dire on the admissibility of photographs of the body of the victim, or in admitting the photographs and medical testimony concerning them.    [192–193]

There was no error in a criminal case in the denial of a motion for a mistrial based on alleged misquotations of testimony by the prosecutor, once to a witness and once in argument, in view of the trial judge's corrective instructions to the jury.    [193]

At a trial for murder by stabbing during the course of which the defendant's hand was cut, there was no error in the admission of statements made by him after his arrest to a nurse treating his hand.    [193]

At a criminal trial, there was no error in the exclusion of questions to an expert defence witness relating to whether the defendant knew right from wrong.    [193]

The trial judge in a criminal case was under no obligation to charge the jury in the language of requests by the defendant for instructions.    [193–194]

INDICTMENT found and returned in the Superior Court on May 17, 1968.

The case was tried before *Leen*, J.

*Alfred P. Farese* for the defendant.

*John N. Nestor*, Assistant District Attorney, for the Commonwealth.

KIRK, J. The defendant was tried on an indictment charging murder in the first degree of his wife, Constance Martin. After a trial subject to G. L. c. 278, §§ 33A–33G, the jury found the defendant guilty of murder in the second degree. The defendant appeals, assigning as error the dismissal of six veniremen, certain rulings on evidence, the denials of his motions for a mistrial, and the purported refusal by the judge to give certain requested instructions to the jury.

There was evidence that the defendant, living apart from his wife, was driven by his brother to Mrs. Martin's apartment in Lynn on March 17, 1968, to pick up two of the Martin children for the day. A quarrel between the defendant and his wife ensued in the second floor hallway at the door to the apartment. Mrs. Martin was stabbed at least nine times with the defendant's knife. The defendant, who was cut on the hand, departed on foot and was later arrested in a bar.

1. Of the thirty-two veniremen sent to the session before trial the judge excused six without examination, having found as a fact from the nature of their criminal records that they were unsuitable to sit on the case. The defendant makes the extraordinary argument that the judge's action deprived him of a jury which was a "fair and representative cross-section of the community." "It is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community." *Smith* v. *Texas*, 311 U. S. 128, 130. Although a record of conviction of a crime does not necessarily disqualify one from serving as a juror (*Commonwealth* v. *Wong Chung*, 186 Mass. 231, 234), and although the initial responsibility for determining that jurors are "of good moral

character" rests on local officials under G. L. c. 234, § 4, it
can hardly be said that persons so chosen with records of
conviction must be seated in a capital case, subject only to
challenge on voir dire, in order to provide a panel which is
"truly representative of the community." Much must be
left to the discretion of the presiding judge including the
desirability of avoiding subsequent motions for mistrials,
or embarrassment to jurors who are essentially "of good
moral character." *Commonwealth* v. *Wong Chung, supra,* at
234. The nature of the six criminal records does not appear
in the record. The defendant has produced no proof that
the exclusion was the result of arbitrary discrimination. See
*Commonwealth* v. *Slaney,* 350 Mass. 400, 402. At any rate
the defendant has failed to show that he has suffered prejudice
because any one of the six jurors did not serve on the jury.

2. The defendant excepted to the admission in evidence of
certified copies of two papers which had been filed by Mrs.
Martin in the Probate Court: a petition for separate support,
alleging "cruel and abusive treatment," and a motion for a
temporary order prohibiting the defendant "from imposing
on the personal liberty of" Mrs. Martin. Inscribed on one
of the documents was an affidavit which stated that notice
of the filing of the papers and of the date set for the hearing
had been mailed to the defendant. There was also included
an order entered on the day of the hearing that prohibited
the defendant from restraining the liberty of his wife and
granted Mrs. Martin custody of the children. The docu-
ments tended to show Mrs. Martin's feelings toward the
defendant, and the fact of the defendant's knowledge of her
attitude. Evidence of the status of the marital relationship
was admissible to show motive. *Commonwealth* v. *Howard,*
205 Mass. 128, 148. *Commonwealth* v. *Bartolini,* 299 Mass.
503, 510–511. *Commonwealth* v. *Burke,* 344 Mass. 243, 247.
Such evidence is admissible even if it tends to show prior
criminal acts on the part of the defendant. *Commonwealth* v.
*Mercier,* 257 Mass. 353, 367–368.

3. The judge in his discretion denied a voir dire on the
admissibility of photographs of the body of the deceased.

The photographs and medical testimony concerning them were admitted over the defendant's objections. There was no error in denying the voir dire or in admitting the photographs and testimony, which were relevant to the issue whether the killing was committed with extreme atrocity and cruelty. *Commonwealth* v. *Rogers*, 351 Mass. 522, 531, cert. den. sub nom. *Rogers* v. *Massachusetts*, 389 U. S. 991.

4. The defendant assigns as error the denial of his requests for a mistrial. He contends that the prosecutor misquoted testimony, once to a witness and once in argument. There was no error. The prosecutor inadvertently repeated one witness's recollection of a statement made by Mrs. Martin when the witness then testifying had given a different version. The judge instructed the jury to disregard the prosecutor's remark. In final argument the prosecutor used a phrase attributed by a witness to the defendant. It was substantially what the witness had said, and in any event the jury were instructed that the argument was not evidence.

5. The judge admitted statements made by the defendant, after his arrest, to a nurse who was treating his cut hand. There is no evidence that the nurse was the agent of the police or that the defendant's statement to her was other than voluntary. *Commonwealth* v. *White*, 353 Mass. 409, 416–417. He took the risk that whatever he said to others than the police might be told to the police. The defendant had already been informed three times of his right to remain silent. There was no error.

6. The defendant contends that an expert defence witness should have been allowed to answer questions which related to whether the defendant knew right from wrong. The judge properly excluded the questions in an attempt to direct the inquiry into the mental condition of the defendant according to the principles laid down in *Commonwealth* v. *McHoul*, 352 Mass. 544, 554 and n. 10.

7. The defendant assigns as error the purported refusal of the judge to give certain requested instructions. The judge gave ample instructions concerning the Commonwealth's burden of proof and the duty of the jury, and was

under no obligation to charge in the language of the defendant's requests. _Commonwealth_ v. _Rogers_, 351 Mass. 522, 532, cert. den. sub nom. _Rogers_ v. _Massachusetts_, 389 U. S. 991.

8. We have reviewed the whole case pursuant to our duty under G. L. c. 278, § 33E. We find no error.

_Judgment affirmed._