COMMONWEALTH *vs.* SAYOUN NORE (and four companion cases). No-
vember 30, 1981. After a jury trial, the defendant was convicted on five
indictments relating to an attempted robbery of the Suisse Chalet Motel in
Cambridge: armed assault with intent to murder, armed assault with in-
tent to rob, assault by means of a dangerous weapon (a gun), receiving a
stolen motor vehicle, and unlawfully carrying a firearm. The defendant
appeals from all five convictions, claiming that: (1) the court erred in not
allowing his motion for required findings of not guilty, Mass.R.Crim.P.
25, 378 Mass. 896 (1979) (referred to by the parties as a motion for a di-
rected verdict); (2) the court erred when it prohibited the defendant from
answering certain questions posed by his counsel on redirect examination;
(3) the court erred in not instructing the jury in accordance with a specific
request made by the defendant.

1. Because "there was sufficient evidence of the defendant's guilt to
warrant the submission of the cases to a jury," *Commonwealth* v. *Alten-
haus*, 317 Mass. 270, 271 (1944); *Commonwealth* v. *Kelley*, 370 Mass.
147, 150 (1976), the trial judge did not err in denying the defendant's mo-
tion for required findings of not guilty. The Commonwealth produced
evidence which indicated that on April 3, 1980, at approximately
11:30 P.M., two men armed with a gun entered the Suisse Chalet Motel
with the apparent intent to commit a robbery. Reacting to the intruders,

the motel's security guard fired a series of shots. Both men were injured by the gunfire and fled from the scene. Although no eyewitness could identify the defendant as one of the intruders, a strong chain of circumstantial evidence was presented which linked the defendant to the crime. The evidence included testimony that the defendant had dark hair and a moustache, consistent with a witness's description of one of the participants in the crime; that the defendant was present at a café near the motel shortly after the crime was committed at a time when another man in the café, identified by the security guard as one of the men he shot during the attempted robbery, received emergency medical treatment for a gunshot wound; that the defendant had the same blood type as that found by the police in the bathroom of the café; that the defendant's fingerprint was found on a window of the vehicle, identified as the getaway car, which had been parked near the café; and that, within two hours after the attempted robbery, the defendant was treated at a hospital for a gunshot wound. While perhaps each piece of evidence offered by the Commonwealth was not alone sufficient to prove that the defendant participated in the attempted robbery, see *Commonwealth* v. *Perry*, 357 Mass. 149, 151 (1970); *Commonwealth* v. *LaCorte*, 373 Mass. 700, 703 (1977), the entirety of the evidence, examined collectively, was legally sufficient to permit the jury to infer beyond a reasonable doubt the existence of the essential elements of the crimes charged. See *Commonwealth* v. *Stasiun*, 349 Mass. 38, 51 (1965); *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977). It was not essential for the Commonwealth to produce an identification of the defendant by an eyewitness to the crime; nor is the defendant entitled to required findings of not guilty simply because the security guard testified that he believed he shot the perpetrator in the left groin when in fact the defendant's wound was in the right arm. "The fact that the evidence did not require the jury to draw the inference . . . [of guilt] does not preclude the conclusion . . . [that the motion for required findings of not guilty was properly denied]. It is sufficient that the evidence permitted the inference which the jury obviously drew . . . ." *Commonwealth* v. *Nelson*, 370 Mass. 192, 203 (1976). *Commonwealth* v. *Latimore*, 378 Mass. 671, 678-679 (1979).

2. There was no abuse of discretion in the trial judge's exclusion of certain questions posed by the defense counsel to the defendant on redirect examination. The defendant had been asked on cross-examination about his activities on the night of the attempted robbery and about his interactions with certain people he claimed to have been with that night. On redirect examination, the defendant's counsel sought to prevent the jury from possibly inferring that certain potential alibi witnesses were available to the defense yet were not produced in court. Accordingly, he asked the defendant whether he "expect[ed]" certain people, i.e., those whose names were mentioned during cross-examination, "to be here in court." It is well settled that "[d]ecisions as to the form and relevancy of questions in

the examination of witnesses are within the discretion of the trial judge." *Commonwealth* v. *Bucaulis*, 6 Mass. App. Ct. 59, 67, cert. denied, 439 U.S. 827 (1978), citing *Commonwealth* v. *Slaney*, 345 Mass. 135, 142 (1962), and *Commonwealth* v. *Barras*, 3 Mass. App. Ct. 43, 47 (1975). Because the questions were objectionable in form, see *Sudbury* v. *Department of Pub. Util.*, 351 Mass. 214, 221 (1966) ("It was error to phrase the question as to whether the witness did 'have . . . reason to think'"), it was not error for that reason, if no other, for the judge to exclude them.

3. The trial judge's instructions concerning improperly drawn inferences and the Commonwealth's burden of proof set forth the correct legal standard. There was no error in the judge's refusal to include the precise language requested by the defense. *Commonwealth* v. *Lussier*, 333 Mass. 83, 93 (1955). *Commonwealth* v. *Rogers*, 351 Mass. 522, 532, cert. denied, 389 U.S. 991 (1967). *Commonwealth* v. *Martin*, 357 Mass. 190, 193-194 (1970). *Commonwealth* v. *Godin*, 374 Mass. 120, 130 (1977), cert. denied, 436 U.S. 917 (1978).

*Judgments affirmed.*

*Joseph Wine* for the defendant.
*Robert M. Raciti*, Assistant District Attorney, for the Commonwealth.