COMMONWEALTH *vs.* PEDRO ARCE.

Suffolk. December 2, 1997. - February 4, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Evidence,* Motive, Hearsay, State of mind, Spontaneous utterance, Credibility of witness. *Witness,* Credibility. *Practice, Criminal,* Capital case.

At a murder trial, evidence of the defendant's hostile relationship with his wife was relevant and admissible to show the defendant's motive to kill her, and any error in the incorrect admission of one hearsay statement to show "state of mind" was insubstantial in light of the strong evidence of the defendant's guilt and other properly admitted evidence of the defendant's treatment of the victim. [602-603]

At a murder trial, the judge improperly admitted hearsay evidence of the victim's fear of the defendant; however, the error was not prejudicial where the victim's fear was unavoidably inferable from the admissible evidence. [603]

At a murder trial, the judge properly admitted in evidence a petition for child custody and a restraining order against the defendant, filed by the victim in the Probate Court shortly before her death, and properly refused to redact language in the document alleging "cruel and abusive treatment." [604-604]

At a murder trial, the judge did not abuse his discretion in admitting a statement of a witness, made minutes after the shooting, as an excited utterance. [604]

At the trial of indictments, the defendant did not show how a witness's alleged use of drugs adversely affected the witness's perception and memory, and the judge properly excluded the defendant's proffered testimony as to the alleged fact of the witness's drug consumption. [604]

INDICTMENT found and returned in the Superior Court on April 7, 1967.

The case was tried before *Robert W. Banks,* J.

*Dana Alan Curhan (Lissa McKinney* with him) for the defendant.

*Jane A. Sullivan,* Assistant District Attorney (*Robert Tochka,* Assistant District Attorney, with her) for the Commonwealth.

WILKINS, C.J. On December 16, 1994, a Suffolk County jury convicted seventy-three year old Pedro Arce of the murder in

the first degree of his wife Hortensia in March, 1967. The defendant was discovered and arrested in Aracibo, Puerto Rico, in 1993 and brought to Boston. The defendant challenges several evidentiary rulings and seeks relief under G. L. c. 278, § 33E. We affirm the conviction.

The jury would have been warranted in finding the following facts. On March 11, 1967, the defendant and his sixteen year old son Hector, the victim's stepson, came to Boston from New York. The victim, the defendant's wife, was living in an apartment in the South End of Boston with their seven children. A young man named Renaldo admitted the defendant and Hector into the apartment. The defendant sent Renaldo to buy beer. The victim, Hector, the defendant, and two of their children were in the apartment. The defendant told the victim to get him some coffee. He followed her into the kitchen. Hector heard the victim say, "Hector, help me," and then heard a shot. Hector entered the kitchen, saw the victim bleeding from her head, and the defendant, holding a gun, leaving the kitchen. The defendant left the apartment. Hector declined to leave with him and ran into the street to get help. He met Renaldo, returning with the beer. Renaldo testified that Hector, who appeared to be frightened, told him that "Pedo [Dad] killed Ten [Hortensia]."

The case against the defendant was based on more than his son's testimony concerning the shooting. The defendant confessed to the murder after he had been arrested and returned to Boston. There was evidence that the defendant abused the victim and knew that she was planning to divorce him. In a conversation with one of his daughters nine years after the murder, the defendant admitted that he had killed the victim.

The defendant testified and denied that he had told the police that he had shot his wife. He testified that he had never held a gun and did not know how to fire a revolver. He denied that he killed the victim.

1. The defendant challenges the admission of testimony describing his acts of violence against the victim. The victim's sister, who had lived with the victim and the defendant, testified that, while they lived in Boston, the defendant had struck the victim and that the two were always fighting. She also testified that, when they were living in Puerto Rico, the defendant had struck the victim. Evidence of this hostile relationship was admissible to show the defendant's motive to kill. *Commonwealth* v. *Gil*, 393 Mass. 204, 215 (1984). The question

whether the evidence was unduly prejudicial or too remote from the time of the killing was for the judge to decide in his discretion. See *Commonwealth* v. *Brooks*, 422 Mass. 574, 581 (1996); *Commonwealth* v. *Mora*, 402 Mass. 262, 268 (1988); *Commonwealth* v. *Todd*, 394 Mass. 791, 798 (1985).

The Commonwealth concedes that the judge erred in admitting the testimony of the victim's sister that the victim had told her that once the defendant had hit her in a clothing store. The judge admitted the evidence to show the state of mind of the victim and of the defendant, but this hearsay evidence was not admissible to prove state of mind, even if state of mind was a material issue. See *Commonwealth* v. *Seabrooks*, 425 Mass. 507, 510-512 & nn.5, 6 (1997), and cases cited; *Commonwealth* v. *Lowe*, 391 Mass. 97, 104-105, cert. denied, 469 U.S. 840 (1984). The error was insubstantial in light of the strong evidence of the defendant's guilt and other properly admitted evidence of the defendant's treatment of the victim, both from the victim's sister and from a social worker. The social worker testified to a conversation with the defendant concerning the victim's plan to obtain a divorce and a restraining order against the defendant and to move to an undisclosed location. See *Commonwealth* v. *Andrade*, 422 Mass. 236, 240 (1996); *Commonwealth* v. *Gil, supra* at 218-219.

By a postargument letter, the defendant contends that the judge improperly admitted hearsay evidence of the victim's fear of the defendant, citing *Commonwealth* v. *Cyr*, 425 Mass. 89, 92-95 (1997). See *Commonwealth* v. *Magraw, ante* 589, 594-597 (1998); *Commonwealth* v. *Jenner, ante* 163, 165 (1997), and cases cited. The issue, for our review under G. L. c. 278, § 33E, is whether the admission of this evidence created a substantial likelihood of a miscarriage of justice. See *Commonwealth* v. *Williams*, 422 Mass. 111, 123-124 (1996). The testimony of her sister and of the social worker that the victim feared the defendant should not have been admitted. However, evidence of his physical abuse of the victim and of her decision (known to the defendant) to divorce him, to obtain a restraining order against him, and to move to a location that the social worker would not disclose to the defendant was relevant to the defendant's motive for killing the victim. Direct testimony of her fear of the defendant was not unduly prejudicial because its existence was inferable, probably unavoidably so, from the evidence that was admissible.

2. The defendant contends that the judge erred in not redact-

ing certain language from the victim's Probate Court petition for custody of the children and a restraining order, filed and allowed shortly before her death. The challenged language alleges "cruel and abusive treatment." The document, of which the defendant had knowledge, was admissible with the challenged language unredacted. *Commonwealth* v. *Martin*, 357 Mass. 190, 192 (1970). Moreover, the judge instructed that the allegation of "cruel and abusive treatment" was "stock language used in most, most such petitions during those times."

3. The judge did not err in admitting as an excited utterance the statement Hector made to Renaldo when they met as Renaldo was returning with the beer. According to Renaldo, Hector, who was frightened, came running toward Renaldo and told him that the defendant had killed the victim. The judge did not abuse his discretion in admitting as an excited utterance Hector's statement made minutes after the shooting as Hector, frightened, ran to get help. See *Commonwealth* v. *Brown*, 413 Mass. 693, 696 (1992); *Commonwealth* v. *Zagranski*, 408 Mass. 278, 285 (1990); *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 223 (1973).

4. The judge excluded a question on direct examination of the defendant as to "[w]hat type of drug problems" Hector had in 1967. The defendant argued that Hector's use of drugs would affect his capacity to recall events. If the use of drugs at the time of relevant events impaired a witness's ability to perceive and remember, evidence of that impairment is admissible to attack the witness's credibility. See *Commonwealth* v. *Carrion*, 407 Mass. 263, 274 (1990); *Commonwealth* v. *Adrey*, 376 Mass. 747, 752 (1978). Such a challenge could properly be made on cross-examination (which was not attempted here) or by other evidence of the witness's incapacity. The problem with the defendant's argument is that evidence of the use of drugs is not alone sufficient to show that drug usage adversely affected Hector's perception and memory. The excluded question did not relate to the defendant's observation of the effect of drug consumption on Hector's capacity to perceive or recall. The defendant relied solely on the fact of drug consumption in arguing in favor of the admissibility of the defendant's testimony. That fact, alone, was inadmissible. See *Commonwealth* v. *Adrey*, *supra* (must show how consumption of drugs would have affected witness's credibility).

5. There is no basis for granting a new trial or ordering a

reduction in the verdict pursuant to our authority under G. L. c. 278, § 33E.

*Judgment affirmed.*