The presiding judge then stated to the jury, that it was for them to determine, whether there was an exercise of that sound discretion on the part of the sheriff’s officer, which the law requires on such occasions, or not ? or whether there was that tampering with the bail, and misconduct on his part, which had been stated by the plaintiff on the present occasion or not ? and to govern themselves in their verdict accordingly. The jury retired and soon after brought in a verdict for the plaintiff, with 211/. sterling damages.
A motion was afterwards made for a new trial, on the. ground that it was a hard verdict, not warranted by law. But the judges refused the motion, as in their opinion, it was a case which turned principally on facts, which were for the consideration of the jury ; and the judge who tried the cause, had very properly submitted it to them, on the facts arising out of the cause, and they had found for the plaintiff. The law, they said, was very clear, and well laid down in the case they quoted, on the trial of Teasdale v. Kennedy. Every sheriff was liable for the acts of all his officers, and all persons acting under him in every subordinate capacity ; and they on their parts, are bound to conduct themselves in the like manner as the sheriff himself ought to do, if he was present; and he is not to be let off, on account of the blunders, misconduct, or errors of any of his inferior agents. On the subject of taking bail, the law had laid down reasonable rules ; the object was to procure and obtain responsibility for the defendant’s personal appearance, or payment of the money, and this was what the law principally required on the part of executive officers; it was *176 therefore their business to be astute, in obtaining, on all occasions, this kind of security without being guilty of oppression against debtors in their custody. If the sheriff or any of his officers, takes as bail a man who is notoriously insolvent, or who in all reasonable appearance, has not the means of paying the debt in case of non-appearance of the defendant, or if he will not take means of informing himself, whether there are good grounds to believe he is solvent or insolvent, in all such cases he ought to be made responsible. At all events it is but reasonable, that he should be taken to the high sheriff’s office, and there detained until he can make the necessary inquiries, which can easily be done, by a recurrence to the tax-office, register’s office, and such like places, where information on that subject is to be had. But it may happen, that a man offered as bail, may be good, where it is not in the power of the sheriff to find out in the above offices, whether he is able to pay the money or not; as in the cases of mercantile men, or men who may have money in the funds, or stock, or out on interest. In all such cases, a reasonable degree of diligence, as to the responsibility of the person offered as bail, and the oath of the party, may and ought to be a justification to the sheriff, in taking such bail.
In the case under consideration, however, there does not appear to be any thing to justify the sheriff; on the contrary, there is too much reason to fear, that his deputy tampered with the poor man who was offered as bail; that there was nothing around him, or attached to him, which could give reasonable grounds to believe he was able to pay this debt, in case of the non-appearance of defendant. No pains, were taken to gain information on that head, nor.does it appear that he was ever taken to the sheriff’s office, until the necessarv inquiries could be made, and there is too much reason to fear, also, that the affidavit which was made was a colourable one, merely fabricated for the purpose of giving the appearance of legality to the transaction j but all *177 the circumstances were before the jury, who have found for the plaintiff, and the court can see no reason to disturb their verdict.
Rule for new trial discharged.
Present, Bueke, Giukice and Bay.