Johnson, J.
The defendant undertook by his bond, “well and truly to do and perform all and singular the duties required of him by law, as deputy sheriff, in such a manner as fully and completely to save and keep harmless and indemnify the plaintiff,” who was the high sheriff, and who had appointed the defendant his deputy. The defendant in the execution of the duties of his office had taken a bail bond in the case of Murrell et al. v. Bowen, which in an action against the bail, was held to be void on account of its informality and inaptitude to the case, and the bail was held not to be liable. The plaintiffs in that case thereupon brought an action against the present plaintiff, and recovered against him the amount of the demand against Bowen. Here, then, is a plain case of the breach of the condition of the defendant’s bond to the plaintiff in neglecting to take a bail bond in the manner required of him by law, which, in its consequences, has occasioned a loss to the plaintiff, and according to the condition of the bond the defendant is bound to indemnify him.
In the condition of this bond is an implied undertaking on the part of the defendant, that he possessed sufficient skill and all the other qualifications which were necessary to the legal and proper discharge of the duties of his office. His ignorance of what was his duty, cannot therefore be received as an excuse, for- ignorance will never repair an injury which one man does or causes to be done to another; and the only, ground of defence having any plausibility, is that the defendant acted under the instructions of the plaintiff
In general I should say without any hesitation, that the deputy would be bound to act according to express instructions received from his principal, the high sheriff and that as between himself and his principal, he would incur no liability either on general principles or according to the condition of this bond, if by.pursuing these'instructions he fell into error and loss to his principal ensued. The sheriff himself is immediately responsible for the maimer in which the duties of his office are conducted, and certainly there is nothing in the nature of the office of deputy .or in the condition of this bond, which either directly or impliedly takes away from him the right to command implicit obedience to any order he may make concerning the conduct of the business. His power of appointing and dismissing his deputies, and assigning them their respective duties at his pleasure, gives him an unlimited control over them, If his clerk, contrary to his instructions, take upon himself the out-door business, and his travelling deputy usurp the office of clerk, he can correct this by dismis *653 sing them and substituting others that will conform to his will. The deputy certainly would not be bound to do an unlawful act at the command of his principal, but his principal might make even his refusal to do it the ground of dismissing him from his service. I take it then as very clear, that the liability of the deputy to his principal, whether it be refered to general principles, or to the condition of his bond to discharge his duty according to law, attaches only when he acts, as he is often obliged to do, of his own head, and without special instructions from his principal. The fact of instructions in this ease does not appear to me, however, to have been made out. The circumstances relied on, are that the plaintiff accepted, or rather made no objection to the form of this bond, and that both himself and his other deputies had habitually taken like bonds in similar cases, and they prove nothing more, than that the plaintiff and all his deputies were alike ignorant of their duties. As I have before remarked, the undertaking of the defendant to do the duties of the office, contained an implied stipulation that he possessed sufficient skill, and his want of it, from which a loss has arisen to the plaintiff, is a breach of the condition of his bond, from which the ignorance of his principal and his other deputies cannot discharge him. I am therefore of opinion that the present motion ought to ho dismissed.
Harper, J. concurred.