## GARRETT v. WEINBERG.

1. NEW TRIAL—JURORS—PUBLIC POLICY.—Motions for new trials based on affidavit of jurors that they misapprehended the charge, will not be heard by this Court, because against public policy.
2. IBID.—AFTER-DISCOVERED EVIDENCE.—New trial cannot be granted on after-discovered evidence, when the evidence is immaterial, and due diligence has not been shown.

Motion to suspend appeal to make motion for new trial on after-discovered evidence in Circuit Court.

*Messrs. A. B. Stuckey* and *Thos. S. Moorman,* for the motion.

*Messrs. Lee & Moise,* contra.

March 21, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is a motion to suspend the hearing of the appeal herein, and to recommit the case to the Circuit Court for the purpose of enabling the appellants to make a motion for a new trial on the following grounds: "1. Upon the ground of the after-discovered evidence, as rebutting or tending to rebut the presumption that Wm. E. Richardson acquired the title to the land in question at the sheriff's sales of 1840, as contended for by the defendants, and as charged by the presiding Judge.   2. Upon the ground of the after-discovered evidence showing the open and notorious adverse claim of Thos. Garrett to the land in question, and as replying to the evidence offered by defendants tending to show his secret holding of the same.   3. Upon the grounds that the plaintiffs being surprised by the testimony of their witness, Tim Jackson * * * in reference to proof of the loss of the original lease made by Thos. Garrett to Rebecca Jackson, have since ascertained and are prepared to prove that the lease has been lost or destroyed, and are, therefore, entitled to introduce the copy contained in the records of the register of mesne conveyance for Sumter County, which was denied the plaintiffs by the presiding Judge, the evidence being material to plaintiff's case.   4. Upon the ground that the defendants introduced in evidence without correction or alteration a paper purporting to be a copy of the records obtained from the sheriff's office, showing a levy and sale of land of Thos. Garrett under a judgment against him; whereas, the copy or extract is untrue in material particulars, for instead of the record showing a sale of Thos. Garrett's land under a judgment against him, it shows the sale of the land of LeRoy Perdue under a judgment in Thos. Garrett's favor and not against him.   5. Upon the ground that W. A. Sparks, one of the jurors empanelled in the trial of this case, was never drawn by the

jury commissioner, and his name is not upon the venire, but was served on the first day of the Court with the summons for J. A. Sparks, whose name is upon the venire; that the facts concerning the matter did not come to the attention of the plaintiff's attorneys until after the verdict. 6. Upon the ground that said W. A. Sparks was incompetent to serve as a juror, as evidenced by his affidavit. 7. Upon the ground that the jury misapprehended the Judge's charge of the law, in that they applied the rule of twenty years adverse possession of the defendants, and against the ruling and doctrine of the Supreme Court herein. 8. Upon the ground that the jury misapprehended the Judge's charge upon the law, as to proving title by common source, and failed properly to apply the same to the undisputed facts in the case, as evidenced by their affidavits and statements."

At the end of each of said grounds the appellants referred to the affidavits and testimony in support of the particular ground. The respondent also presented affidavits. The facts out of which this controversy arose can be seen by reference to the former appeals herein, to wit: 43 S. C., 36; 48 S. C., 28; 50 S. C., 310, and 54 S. C., 128.

It is well settled that in order for the appellant to prevail on a motion of this kind, he must show: 1. That the evidence was discovered after the former trial. 2. That it could not by the use of due diligence have been discovered previous to that time; and 3. That it is material. Neither the appellant nor the respondent brings in question the correctness of this rule. This Court upon the hearing of the motion did not care to hear argument on the last two grounds, as it would be against public policy to allow such affidavits to be introduced after the trial of a case, and its views upon this question were settled. This Court has reached the conclusion that although the evidence was not discovered until after the last trial, it could have been discovered if due diligence had been used to ascertain the facts, and that said evidence furthermore is immaterial.

As this is simply a motion and no question of law is involved, the Court deems it unnecessary to state at length the facts that have induced it to arrive at this conclusion, as the numerous references that would necessarily have to be made to the mass of testimony would prolong the opinion without any practical benefit. Another reason for not referring to the testimony is that the appeal is pending.

It is, therefore, ordered, that the motion be refused.