### STATE v. JOHNSON

#### (115 S. E., 748)

1. CRIMINAL LAW—RULING ON NEW TRIAL MOTION REVIEWABLE ONLY FOR ERROR OF LAW OR ABUSE OF DISCRETION.—An order of the Circuit Judge granting or refusing a new trial in a law case can only be reviewed by the Supreme Court to determine whether it was influenced or controlled by error of law or amounted to a manifest abuse of discretion.

2. JURY—DEPUTY SHERIFF FOR INDUSTRIAL CORPORATION IS NOT "ELIGIBLE" AS JUROR; "COUNTY OFFICER."—A Deputy Sheriff for an industrial corporation, whose qualification, powers, and duties are provided for by Civ. Code 1912, §§ 1149–1151, is a County Officer within Section 4035, making certain officers or any other County officer ineligible as a juryman, especially in view of Section 4037, exempting Sheriffs and their Deputies from jury duty, since Sec-

NOTE—As to unknown disqualification of juror existing at time of his selection as ground for new trial, see note 50 L. R. A. (N. S.), 933.

tions 1146, 1147, 1149, 1150, do not change the common-law rule that a Deputy Sheriff is an officer, and such officer is, therefore, disqualified to serve as a juror, since the word "eligible" means capable of serving, legally qualified to serve (citing Words and Phrases, Second Series, Eligible).

3. CRIMINAL LAW—DISQUALIFICATION OF JUROR WHICH MIGHT HAVE BEEN DISCOVERED DOES NOT ENTITLE TO NEW TRIAL.—Accused is not entitled to a new trial as matter of legal right because a juror was disqualified, in view of Civ. Code 1912, § 4047, providing that objections to jurors not made before the jury is empaneled shall be deemed waived, so that a verdict need not be set aside because of such disqualification, though it was unknown to accused, if it might have been discovered by the exercise of ordinary care.

4. CRIMINAL LAW—ACCUSED WHO DID NOT EXAMINE JURORS DID NOT EXERCISE CARE TO ASCERTAIN DISQUALIFICATION.—One accused of a crime, who did not examine the jurors on their *voir dire* nor exercise any of his peremptory challenges, did not exercise ordinary care to ascertain their qualifications and is not entitled as a matter of right to a new trial because one of them was a Deputy Sheriff.

5. CRIMINAL LAW—COURT CAN GRANT NEW TRIAL FOR DISQUALIFICATION OF JUROR WHICH SHOULD HAVE BEEN DISCOVERED.—The Court can grant accused a new trial on the ground of a disqualification of a juror, even though accused is not entitled thereto as a matter of right because of failure to exercise diligence in ascertaining the qualifications, if in the opinion of the presiding Judge the disqualification operated injuriously, and has tended to the return of an erroneous verdict.

6. CRIMINAL LAW—RECORD HELD NOT TO SHOW ABUSE OF DISCRETION IN GRANTING NEW TRIAL.—Where accused moved for a new trial on discovering after the verdict that one of the jurors was disqualified as a Deputy Sheriff, and the motion was granted by the presiding Judge, who was familiar with the atmosphere of the trial Court and the local conditions, without indicating he granted the motion because he was legally bound to do so, the State is not entitled to have the order for a new trial reversed as an abuse of discretion.

Before PRINCE, J., Anderson. Affirmed.

Jerry Johnson was convicted of violating the prohibition law. From an order granting a new trial the State appeals.

*Mr. L. W. Harris, Solicitor,* for the State, cites: *Parties ineligible and exempt from jury duty:* I Civ. Code 1912,

Secs. 4035, 4037. *Objections must be made before em-panelling:* Id., Sec. 4047; 16 R. C. L., 284, 285, 286, 287; 34 S. C., 16. *Ignorance of disqualification is no excuse:* 2 Bay, 150; 2 Bay, 153; 5 S. C., 429; 55 S. E., 120; 71 S. E., 291. *Peremptory challenges give right to reject, not select jurors:* 11 S. C., 319. *Exemption may be waived by juror:* 15 S. E., 599; 32 S. E., 828.

*Messrs. Dickson & Miller,* for respondent, cite: *Deputy Sheriff ineligible:* I Civ. Code 1912, Sec. 4035.

January 25, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant, charged with violating the prohibition law, was tried and convicted at the May, 1922, term of the Court of General Sessions for Anderson County, Hon. Geo. E. Prince, presiding Judge. After the verdict of the jury was returned, the defendant moved for a new trial on the ground that one of the jurors by whom the defendant had been tried was a Deputy Sheriff of Anderson County. Thereupon Judge Prince passed the following order:

"It being made satisfactorily to appear to the Court that one of the jurors sitting on the above-entitled case is a Deputy Sheriff appointed for one of the industrial corporations of Anderson County, and that this fact was unknown to the defendant or his counsel at the time, and not until the jury had returned its verdict of guilty, and that such juror was disqualified, on motion of defendant's attorneys for new trial, it is ordered that a new trial be, and hereby is, granted to the defendant, Jerry Johnson, and that his bond continue in force for his appearance at the next term of Court."

From this order the State appeals.

No proposition is more decisively established in this jurisdiction than that an order of a Circuit Judge granting or refusing a new trial in a law case can

only be reviewed by this Court for the purpose of determining whether such adjudication was influenced or controlled by error of law or amounted to a manifest abuse of discretion.  The State's contention here is that the circuit Judge committed error of law in granting a new trial on account of the disqualification of juror "when no objection had been made previous to the verdict" and "when no prejudice has been shown to exist against the defendant."

There was no error of law in holding that the juror in question was disqualified.  Section 4035, Civil Code 1912, provides that, "No clerk, constable, or deputy of the Clerk of the Court, Sheriff, Probate Judge, County Commissioners, Magistrates, or other County officers, or any employee within the walls of the Courthouse, shall be eligible as a juryman in any civil or criminal case."

While a "Deputy Sheriff" is not designated *eo nominee* in this ineligible list, and while in the following Section (4037), conferring the privilege of "exemption" from jury service, "sheriffs and their deputies" are expressly mentioned, we are of the opinion that a Deputy Sheriff within the reasonable meaning and intendment of Section 4035 is embraced within the phrase "or other County officer."  The position of under or Deputy Sheriff is a common-law office (24 R. C. L., 979), and the provisions of our statutory law in no wise detract from its official character and importance.  See Sections 1146, 1147, 1149, 1150, Civil Code 1912.  A Deputy Sheriff for an industrial corporation is vested with all the rights and powers "prescribed by law for constables or magistrates" (Section 1150), and is required to take the oath of office "prescribed by the Constitution and Statutes of this State" (Section 1149), and to execute bond (Section 1151).  Since a "sheriff," "constable," and "magistrate" are expressly designated as ineligible for jury service, a deputy sheriff, vested with like powers and charged with like duties, would seem clearly to be embraced within the term "or other County officer," as used in Section

4035. The word "eligible" in that connection means capable of serving; legally qualified to serve. See 2 Words and Phrases, Second Series, 241. Hence, as we think, the Circuit Judge correctly held that the Deputy Sheriff in the case at bar was legally disqualified for service as a juror.

But it does not follow that, because the juror was disqualified, the defendant was entitled as a. matter of legal right to a new trial on that account. Section 4047 of Civil Code 1912, expressly requires that "all objections to jurors," if not made "before the juror is impanelled for or charged with the trial of such prosecution," etc., "shall be deemed waived; and if made thereafter shall be of none effect." It is no valid ground for setting aside the verdict of a jury that the moving party was ignorant of the disqualification of a juror, and so failed to challenge him, if the disqualification relied on might have been discovered by the exercise of ordinary care. The rule on the subject is thus stated in *State v. Langford,* 74 S. C., 460, 465; 55 S. E., 120, 122:

"It is true that in the case of *Garrett v. Weinberg,* 54 S. C., 127; 35 S. E., 390, this Court held that a new trial should be granted if a disqualified juror sat on the case, if neither the party nor his counsel knew of the disqualification until after the verdict; but in the subsequent cases of *State v. Robertson,* 54 S. C., 152; 31 S. E., 868, and *Mew v. Railway Co.,* 55 S. C., 95; 32 S. E., 828, the Court states the rule that where the disqualification relied on might have been discovered by the exercise of ordinary care, it affords no excuse for failing to make the objection in due season, since a party should not be permitted to take advantage of his own negligence."

See *Blassingame v. City of Laurens,* 80 S. C., 38, 46; 61 S. E., 96; *State v. Jones,* 90 S. C., 290, 296; 73 S. E., 177; *State v. Cooler,* 30 S. C., 105; 8 S. E., 692; 3 L. R. A., 181.

From the record in the case at bar it appears that none of the jurors were examined upon their *voir dire,* and that defendant's privilege of peremptory

challenge was not exercised at all.   Hence, upon the facts appearing, if the motion for a new trial had been refused, no legal right of the defendant would have been infringed.

But, because the Circuit Judge upon the showing made was not bound as a matter of law to grant the new trial, it does not follow that the State is entitled to have the order reversed on appeal.   There can be no doubt that, if, notwithstanding the efforts of public officers to perform their duties, and such efforts as the parties themselves choose to make for the protection of their rights in regard to the qualification of jurors, it is discovered after the verdict that a disqualified person has joined in the decision, the sound public policy, clearly formulated in the Statute law of the State (Section 4047, Civil Code 1912). requires that the irregularity or accident shall be treated like other irregularities, and that the verdict shall not be set aside on that ground at the instance of the defeated party.   But a motion for a new trial for such a cause, like motions for new trials generally, is addressed to the discretion of the Court, and, if in the opinion of the presiding Judge "the disqualification of a juror has operated injuriously, and has tended to the return of an erroneous verdict, or has otherwise worked injustice, a new trial should be granted." *Commonwealth v. Wong Chung,* 186 Mass., 231; 71 N. E., 292; 1 Ann. Cas., 193.

In the case at bar it does not affirmatively appear that the very able circuit Judge predicated his order upon the erroneous assumption that he was legally bound to grant the new trial because the juror was disqualified, and such fact was unknown to the defendant at the time of the trial.   In the light of the facts as to the juror's disqualification and its non-discovery, he appears merely to have granted the new trial, as he had the right to do, in the exercise of the discretionary power exclusively vested in him as a circuit Judge.   In so doing the presump-

tion is to be indulged that he considered that the disqualification of the juror operated, or probably operated, prejudiciously to the defendant in a manner and to an extent that warranted the granting of a new trial. Judge Prince was the presiding Judge before whom defendant's trial and conviction were had. He was familiar with the atmosphere of the trial, and with local conditions that might properly have influenced his judgment in determining whether the presence upon this particular jury of the disqualified Deputy Sheriff afforded sufficient basis of fact upon which to set aside the verdict. Having so ordered in the absence of a manifest abuse of discretion, his action was final. .

The exceptions are overruled, and the order of the circuit Court is affirmed.